| Fill in this information to identify you case: | For amended plans only: |
|---|---|
| **IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS** | ☐ Check if this amended plan is filed prior to any confirmation hearing. |
| Debtor 1 — **Lamika Michelle Butler** <br> First Name   Middle Name   Last Name | ☐ Check if this amended plan is filed in response to an initial denial order or a continuance that counted as an initial denial. |
| Debtor 2 (filing spouse) <br> First Name   Middle Name   Last Name | List the sections which have been changed by this amended plan: <br> _____ |
| Case Number:   **24-40392** | |

**TXEB Local Form 3015-a**

## CHAPTER 13 PLAN

Adopted: Dec 2017

### Part 1:   Notices

**To Debtor[1]:**   This plan form is designed for use when seeking an initial confirmation order. It sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. **When you file this Plan, you must serve a copy of it upon each party listed on the master mailing list (matrix) of creditors as constituted by the Court on the date of service and evidence that service through a Certificate of Service affixed to this document that attaches a copy of the matrix of creditors which you served. The most current matrix in this case is available under the "Reports" tab of the CM-ECF system.**

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose any permanent treatment of your claim as outlined in this plan, you or your attorney must file an objection to confirmation of this Plan. An objection to confirmation must be filed at least **14 days** before the date set for the plan confirmation hearing. That date is listed in ¶ 9 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. The objection period may be extended to 7 days prior to the confirmation hearing under the circumstances specified in LBR 3015(f). In any event, the Court may confirm this plan without further notice if no objection to confirmation is timely filed.

Regardless of whether you are listed in the Debtor's matrix of creditors or in the Debtor's schedules, **you must timely file a proof of claim** in order to be paid under this Plan. The deadline for filing claims is listed in ¶ 8 of the *Notice of Chapter 13 Bankruptcy Case* issued in this case. Disbursements on allowed claims will begin on the Trustee's next scheduled distribution date after the Effective Date of the Plan. See § 9.1.

*The Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of an allowed secured claim through a final determination of the value of property constituting collateral for such claim, as set forth in § 3.10 of this Plan, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or a nonpossessory, nonpurchase-money security interest, as set forth in § 3.9 of this Plan. | ☐ Included | ☑ Not Included |
| 1.3 | Potential termination and removal of lien based upon alleged unsecured status of claim of lienholder, as set forth in § 3.11 of this Plan. | ☐ Included | ☑ Not Included |

---

[1] The use of the singular term "Debtor" in this Plan includes both debtors when the case has been initiated by the filing of a joint petition by spouses.

Debtor   **Lamika Michelle Butler**　　　　　　　　　　　　　　　　　　　　　　　　　Case number   **24-40392**

| 1.4 | **Nonstandard provisions as set forth in Part 8.** | ☑ Included | ☐ Not Included |
|---|---|---|---|

### Part 2:　　　Plan Payments and Length of Plan

**2.1**　**The applicable commitment period for the Debtor is 36 months.**

**2.2**　**Payment Schedule.**

Unless the Court orders otherwise, beginning on the 30th day after the Petition Date[2] or the entry date of any order converting this case to Chapter 13, whichever is later, the Debtor will make regular payments to the Trustee throughout the applicable commitment period and for such additional time as may be necessary to make the payments to claimants specified in Parts 3 through 5 of this Plan (the "**Plan Term**"). The payment schedule shall consist of:

　　☐ **Constant Payments:** The Debtor will pay $_____ per month for _____ months.

　　☑ **Variable Payments:** The Debtor will make variable plan payments throughout the Plan Term. The proposed schedule for such variable payments are set forth in **Exhibit A** to this Order and are incorporated herein for all purposes.

**2.3**　**Mode of Payment.** Regular payments to the Trustee will be made from future income in the following manner: [*Check one*]

　　☐ Debtor will make payments pursuant to a wage withholding order directed to an employer.

　　☑ Debtor will make electronic payments through the Trustee's authorized online payment system.

　　☐ Debtor will make payments by money order or cashier's check upon written authority of the Trustee.

　　☐ Debtor will make payments by other direct means only as authorized by motion and separate court order.

**2.4**　**Income tax refunds.**

In addition to the regular monthly payments to the Trustee, and in the absence of a court order to the contrary, the Debtor is required to:

　　(1) supply a copy of each federal income tax return, including all supporting schedules, filed during the Plan Term to the Trustee within 14 days of filing the return; and

　　(2) remit to the Trustee within 14 days of receipt all federal income tax refunds received by each Debtor during the plan term which will be added to the plan base; provided, however, that the Debtor may retain from each such refund up to $2,000.00 in the aggregate on an annual basis if the Debtor is current on the payment obligations to the Trustee under this Plan at the time of the receipt of such tax refund.

The Debtor hereby authorizes the Trustee to endorse any federal income tax refund check made payable to the Debtor during the plan term.

**2.5**　**Additional payments.** [*Check one*]
　　☑ **None.** *If "None" is checked, the rest of § 2.5 need not be completed.*

**2.6**　**Plan Base.**

The total amount due and owing to the Trustee under §§ 2.2 and 2.5 is **$76,750.00** which, when combined with any income tax refunds due to the Trustee under § 2.4, any litigation proceeds due to the Trustee under § 9.3, and any other funds received by the Trustee on the Debtor's behalf during the Plan Term, constitutes the "**Plan Base**."

### Part 3:　　　Treatment of Secured Claims

**3.1**　**Post-Petition Home Mortgage Payments.** [*Check one*]

　　☑ **No Home Mortgage.** *If "No Mortgage" is checked, the remainder of § 3.1 need not be completed.*

**3.2**　**Curing Defaults and Maintenance of Direct Payment Obligations.** [*Check one*]

　　☑ **None.** *If "None" is checked, the remainder of § 3.2 need not be completed.*

**3.3**　**Secured Claims Protected From § 506 Bifurcation.** [*Check one*]

　　☐ **None.** *If "None" is checked, the remainder of § 3.3 need not be completed.*

　　☑ **910 Claims.** The claims listed below were either:

　　　(1) incurred within 910 days before the Petition Date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or

(2) incurred within 1 year of the Petition Date and secured by a purchase money security interest in any other thing of value, and are thus statutorily protected from bifurcation under § 506(a) based on collateral value (a "910 Claim").

Based upon the Debtor's election to retain certain personal property that serves as collateral for a 910 Claim, adequate protection payments in an initial amount calculated pursuant to LBR 3015(c)(1) shall be paid by the Debtor to the Trustee beginning in Month 1 of the Plan for the benefit of holders of allowed 910 Claims secured by personal property as authorized by § 1326(a)(1)(C) and LBR 3015(c). Such payments shall be held by the Trustee solely for the benefit of the affected secured creditor to the absolute exclusion of the Debtor and all other parties and shall be tendered by the Trustee at the earliest practicable time to holders of allowed 910 Claims secured by personal property as listed below, notwithstanding any failure by the Debtor to achieve confirmation of this Chapter 13 plan. Adequate protection payments to be distributed by the Trustee are subject to the availability of funds and the Trustee is authorized to make *pro rata* payments if available funds are insufficient to pay all adequate protection payments otherwise due. Such adequate protection payments to each affected secured claimant shall continue on a monthly basis until the month in which equal monthly payments are initiated to such claimant under the Plan.

Each 910 Claim constitutes a separate class. Each 910 Claim will be paid in full by the Trustee with post-confirmation interest accruing from the Effective Date of the Plan at the plan rate stated below. Upon confirmation of this Plan, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each 910 Claim listed below until such time as the allowed amount of each 910 Claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected 910 Claim amount.

If the automatic stay is terminated as to property securing a 910 Claim treated under this subsection at any time during the Plan Term, the next distribution by the Trustee on such 910 Claim shall be escrowed pending any possible reconsideration of the stay termination. If the stay termination is reversed by agreement or by court order, then the single escrowed distribution shall be released to the holder of the 910 Claim and regular distributions on that 910 Claim shall be reinstituted. In the event that the stay termination remains in effect on the second distribution date after the stay termination, the escrowed funds shall be released for distribution to other classes under this Plan and the 910 Claim shall thereafter be addressed solely under applicable state law procedures and will no longer be treated by the Plan.

| Claimant | Collateral Description | Adequate Protection Payment | 910 Claim Amount | Plan Interest Rate | Equal Monthly Payment by Trustee | Projected Total Payment by Trustee |
|---|---|---|---|---|---|---|
| 1. **Exeter Finance LLC** | **2016 Jeep Wrangler** | $0.00 | $41,052.56 | 9.00% | $845.00 | $50,681.80 |

**3.4**   **Secured Claims Subject to § 506 Bifurcation.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.4 need not be completed.*

**3.5**   **Direct Payment of Secured Claims Not in Default.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.5 need not be completed.*

**3.6**   **Surrender of Property.** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.6 need not be completed.*

**3.7**   **Lien Retention.**

The holder of a lien securing payment of a claim addressed in §§ 3.1 or 3.2 of this Plan shall retain its lien until the indebtedness secured by such lien is totally satisfied as determined under applicable non-bankruptcy law. The holder of a lien securing payment of any other allowed secured claim that is governed by this Plan shall retain its lien until the earlier of: (1) the total satisfaction of the indebtedness secured by the lien as determined under applicable non-bankruptcy law; or (2) the entry of a discharge order in favor of the Debtor under § 1328(a). In each instance, the provisions of this subsection may be superseded by a subsequent order of the Court.

**3.8**   **Maintenance of Insurance and Post-Petition Taxes Upon Retained Collateral.**

For all property that secures the payment of an indebtedness and which is proposed to be retained by the Debtor under this Plan, the Debtor must maintain insurance coverage as required either by the applicable contractual documents governing the indebtedness or as may be directed by the Trustee. The Debtor must also pay all *ad valorem* taxes on property proposed to be retained by the Debtor under this Plan as they come due in the post-petition period. Such payment shall be tendered to the appropriate taxing authorities in accordance with applicable non-bankruptcy law on or before the last date on which such taxes may be paid without penalty.

**3.9**  **Lien Avoidance.**  [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.9 need not be completed.*

**3.10**  **Rule 3012 Valuation of Collateral.**  [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.10 need not be completed.*

**3.11**  **Lien Removal Based Upon Unsecured Status.**  [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 3.11 need not be completed.*

---

**Part 4:**   **Treatment of Administrative Expenses, DSO Claims and Other Priority Claims**

**4.1**  **General**

All allowed priority claims, other than those particular domestic support obligations treated in § 4.5, will be paid in full without post-confirmation interest. Where applicable, the Trustee is authorized to initiate monthly payments on an interim basis based upon the projected amount of each priority claim listed below until such time as the allowed amount of each priority claim is established by the filing of a proof of claim in accordance with the Bankruptcy Rules. The amount listed in that proof of claim, or the final determination by the Court of any objection thereto, shall control over any projected priority claim amount listed below.

**4.2**  **Trustee's Fees.**

The Trustee's fees are fixed by the United States Trustee pursuant to the provisions of 28 U.S.C. § 586(e)(2) and, pursuant thereto, shall be promptly collected and paid from all plan payments received by the Trustee.

**4.3**  **Attorney's Fees.**

The total amount of attorney's fees requested by the Debtor's attorney in this case is **$5,000.00**. The amount of **$442.00** was paid to the Debtor's attorney prior to the Petition Date. The allowed balance of attorney's fees will be paid by the Trustee from the remaining available funds after the payment of required adequate protection payments pursuant to §§ 3.3 and 3.4 of this Plan.

The allowed balance of attorney's fees to be awarded to the Debtor's attorney in this case shall be determined by:

☑ LBR 2016(h)(1); ☐ by submission of a formal fee application.

**LBR 2016(h)(1)**: If the attorney's fee award is determined by the benchmark amounts authorized by LBR 2016(h), the total fee shall be the amount designated in LBR 2016(h)(1)(A) unless a certification is filed by the Debtor's attorney regarding the rendition of legal services pertaining to automatic stay litigation occurring during the Benchmark Fee Period outlined in that rule. The Trustee is authorized to make the benchmark fee calculation and to recognize the proper enhancement or reduction of the benchmark amount in this case without the necessity of court order. No business case supplement to the benchmark fee shall be recognized unless a business case designation is granted on or before initial confirmation of the Plan.

**Fee Application**: If attorney's fee award is determined by the formal fee application process, such fee application shall be filed **no later than 30 days after the expiration of the Benchmark Fee Period** outlined in LBR 2016(h)(1). If no application is filed within that period, the determination of the allowed amount of attorney's fees to the Debtor's attorney shall revert to the benchmark amounts authorized by LBR 2016(h)(1) without the necessity of any further motion, notice or hearing and the Trustee shall adjust any distributions in this class accordingly.

**4.4**  **Priority Claims: Domestic Support Obligations ("DSO").** [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 4.4 need not be completed.*

**4.5**  **Priority Claims:  DSO Assigned/Owed to Governmental Unit and Paid Less Than Full Amount.** [C*heck one*]

☑ **None.** *If "None" is checked, the remainder of § 4.5 need not be completed.*

**4.6**  **Priority Claims: Taxes and Other Priority Claims Excluding Attorney's Fees and DSO Claims.** [*Check one*].

☐ **None.** *If "None" is checked, the remainder of § 4.6 need not be completed.*

☑ **Other Priority Claims.**

| Priority Claimant | Projected Claim Amount | Projected Monthly Payment by Trustee |
|---|---|---|
| **1**. **INTERNAL REVENUE SERVICE** | $**13,743.00** | pro rata |

Debtor   **Lamika Michelle Butler**                                                                                           Case number   **24-40392**

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |

**5.1**   **Specially Classed Unsecured Claims.**  [*Check one*]

☑ **None.** *If "None" is checked, the remainder of § 5.1 need not be completed.*

**5.2**   **General Unsecured Claims.**

Allowed nonpriority unsecured claims shall comprise a single class of creditors and will be paid:

☐ **100% + Interest at 0.00%;**

☐ **100% + Interest at 0.00% with no future modifications to treatment under this subsection;**

**X**  *Pro Rata* **Share:**  of all funds remaining after payment of all secured, priority, and specially classified unsecured claims.

**5.3**   **Liquidation Analysis: Unsecured Claims Under Parts 4 & 5.**

If the bankruptcy estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code, the holders of priority unsecured claims under Part 4 of this Plan and the holders of nonpriority unsecured claims under Part 5 of this Plan would be paid an aggregate sum of approximately **$0**.  Regardless of the particular payment treatments elected under Parts 4 and 5 of this Plan, the aggregate amount of payments which will be paid to the holders of allowed unsecured claims under this Plan will be equivalent to or greater than this amount.

| Part 6: | **Executory Contracts and Unexpired Leases** |

**6.1**   **General Rule – Rejection.** The executory contracts and unexpired leases of the Debtor listed below are **ASSUMED** and will be treated as specified in § 3.2 of the Plan.  All other executory contracts and unexpired leases of the Debtor are **REJECTED**. [*Check one*.]

☑ **None.** *If "None" is checked, the remainder of § 6.1 need not be completed.*

| Part 7: | **Vesting of Property of the Estate** |

**7.1**   Property of the estate will vest in the Debtor only upon the entry of an order for discharge pursuant to § 1328, in the absence of a court order to the contrary.

| Part 8: | **Nonstandard Plan Provisions** |

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed.*

Under Bankruptcy Rule 3015(c), nonstandard provisions **must** be set forth below. A nonstandard provision is a provision not otherwise included in the Official TXEB Form or any deviation from it. *Any nonstandard provision set out elsewhere in this Plan is void. Even if set forth below, any nonstandard provision is void* **unless the "Included" box is checked in § 1.4 of this Plan**.

**Debtor(s) may not incur any post-petition debt, except upon written approval of the Trustee as follows:**
**" For purchase of a car: limit of $20,000.00 financed with monthly payment not to exceed $500.00**
**" For purchase of a home: limit of $250,000.00 financed with total monthly payment including taxes and insurance not to exceed $2,500.00**
**" Debtor(s) must be current on plan payments and provide an amended budget that includes the proposed payment and updated income information.**
**" The Trustee cannot approve any request that exceeds the current budget expenditure for the proposed debt or expense.**
**Debtor(s) must file a motion to incur debt if the request does not fall within the guidelines as stated above.**

| Part 9: | **Miscellaneous Provisions** |

**9.1**   **Effective Date.** The effective date of this Plan shall be the date upon which the order confirming this Plan becomes a final, nonappealable order.

**9.2**   **Plan Disbursement Order.** Unless the Court orders otherwise, disbursements by the Trustee under this Plan shall occur in the following order: **(1)** Trustee's fees under § 4.2 upon receipt; **(2)** adequate protection payments under §§ 3.3 and 3.4; **(3)** allowed attorney fees under § 4.3; **(4)** secured claims under §§ 3.2, 3.3 and 3.4 concurrently; **(5)** DSO priority claims under §§ 4.4 and 4.5 concurrently; **(6)** non-DSO priority claims under § 4.6; **(7)** specially classed unsecured claims under § 5.1; and **(8)** general unsecured claims under § 5.2.

Debtor  **Lamika Michelle Butler**                                                                                          Case number  **24-40392**

**9.3**   **Litigation Proceeds.** No settlement of any litigation prosecuted by the Debtor during the Plan Term shall be consummated without the consent of the Chapter 13 Trustee and, except as otherwise authorized by the Trustee, all funds received by the Debtor, or any attorney for the Debtor, shall be immediately tendered to the Chapter 13 Trustee for satisfaction of any authorized exemption claim of the Debtor, with the remainder of the funds dedicated as an additional component of the plan base.

### Part 10:    Signatures

**/s/ Greg R. Arnove**                                        Date   **July  5, 2024**
**Greg R. Arnove 00783562**
Signature of Attorney for Debtor(s)

*By filing this document, the attorney for the Debtor or any self-represented Debtor certifies to the Court that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in TXEB Local Form 3015-a, other than any nonstandard provisions included in Part 8, and that the foregoing proposed Plan contains no nonstandard provisions other than those included in Part 8.*

### Part 11:    Certificate of Service to Matrix as Currently Constituted by the Court

Debtor  **Lamika Michelle Butler**                                                                                  Case number  **24-40392**

## Exhibit A

The debtor will pay **$280.00** for first **5** month(s),
**$1,370.00** each month for next **55** month(s)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS

IN RE:

LAMIKA MICHELLE BUTLER

CASE NO: 24-40392

**DECLARATION OF MAILING CERTIFICATE OF SERVICE**

Chapter: 13

On 7/5/2024, I did cause a copy of the following documents, described below,

CHAPTER 13 PLAN

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 7/5/2024

/s/ Greg Arnove
Greg Arnove  00783562
Attorney for Plaintiff
Collins & Arnove
101 East Park Blvd., Suite 875
Plano, TX  75074
972 379 9250
arnovelaw@gmail.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE:<br><br>LAMIKA MICHELLE BUTLER | CASE NO: 24-40392<br><br>**CERTIFICATE OF SERVICE DECLARATION OF MAILING**<br><br>Chapter: 13 |

On 7/5/2024, a copy of the following documents, described below,

CHAPTER 13 PLAN

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 7/5/2024

_____
Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Greg Arnove
Collins & Arnove
101 East Park Blvd., Suite 875
Plano, TX  75074

```
USPS FIRST CLASS MAILING RECIPIENTS:                     TX/ECF SERVICE Parties to serve via First Class USPS Mail Service.
Parties with names struck through or labeled 'EXCLUDE' were not served via USPS First Class Mail.

CASE INFO
 LABEL MATRIX FOR LOCAL NOTICING      455 YVETTE POINDEXTER              4253 HUNT DRIVE LLC
05404                                 900 LORI DR                        DBA TOWNHOMESAT COYOTE RIDGE
CASE 24-40392                         BOONVILLE MO 65233-1870            6688 NORTH CENTRAL EXPRESSWAY STE 1000
EASTERN DISTRICT OF TEXAS                                                DALLAS TX 75206-3900
SHERMAN
FRI JUL 5 12-41-22 CDT 2024


AIS PORTFOLIO SERVICES                ARIVO ACCEPTANCE LLC               ACCEPTANCE NOW
4515 N SANTA FE AVE DEPT APS          4770 S 5600 W STE 200              5501 HEADQUARTERS DR
OKLAHOMA CITY OK 73118-7901           SALT LAKE CITY UT 84118-7445       PLANO TX 75024-5837



                                                                         EXCLUDE
ALLMAND LAW FIRM                      ARVIO ACCEPTANCE LLC               GREG R ARNOVE
860 AIRPORT FREEWAY                   PO BOX 708310                      COLLINS  ARNOVE
401                                   SANDY UT 84070-8313                101 EAST PARK BLVD
HURST TX 76054-3264                                                      SUITE 875
                                                                         PLANO TX 75074-8813


ASCENDIUM EDUCATION SOLUTIONS INC     ASHLEY FUNDING SERVICES LLC        BLUEPEARL PET HOSPITAL
38 BUTTONWOOD COURT                   RESURGENT CAPITAL SERVICES         2700 LAKE VISTA DR
MADISON WI 53718-2156                 PO BOX 10587                       LEWISVILLE TX 75067-3916
                                      GREENVILLE SC 29603-0587



DEBTOR
LAMIKA MICHELLE BUTLER                CAPITAL ONE                        CAPITAL ONE
1835 PARKER ROAD APT 9207             4515 N SANTA FE AVE                ATTN GENERAL CORRESPONDENCE
CARROLLTON TX 75010-4826              OKLAHOMA CITY OK 73118-7901        PO BOX 30285
                                                                         SALT LAKE CITY UT 84130-0285



CAPITAL ONE NA                        CHIMESTR                           COLLECTION MANAGEMENT
4515 N SANTA FE AVE                   PO BOX 417                         705 S 1ST ST
OKLAHOMA CITY OK 73118-7901           SAN FRANCISCO CA 94104-0417        UNION CITY TN 38261-5007



EXCLUDE
COLLINS  ARNOVE                       CREDIT ONE                         CREDIT SYSTEMS INTERNATIONAL
101 EAST PARK BLVD                    PO BOX 98873                       PO BOX 1088
SUITE 875                             LAS VEGAS NV 89193-8873            ARLINGTON TX 76004-1088
PLANO TX 75074-8813



CROOSCHECK CAPITAL                    CROSSCHECK                         DALLAS ANIMAL URGENT CARE
PO BOX 1269                           ATTN D LILAH MCLEAN                12835 PRESTON RD  405
COLUMBUS OH 43216-1269                1440 N MCDOWELL BLVD               DALLAS TX 75230-1294
                                      PETALUMA CA 94954-6515



DARRELL W COOK                        DEVRY UNIVERSITY                   DEVRY UNIVERSITY
COOK KEITH  DAVIS                     1200 E DIEHL ROAD                  4225 NAPERVILLE RD STE 400
6688 NORTH CENTRAL EXPRESSWAY SUITE 100   NAPERVILLE IL 60563-9347       LISLE IL 60532-3699
DALLAS TX 75206-3925
```

USPS FIRST CLASS MAILING RECIPIENTS
Parties with names struck through or labeled TO/FOR SERVICE are not served via First Class USPS Mail Service.

| | | |
|---|---|---|
| DEVRY/ADTALEM GLOBAL EDUCATION<br>500 WEST MONROE ST   STE 28<br>CHICAGO IL 60661-3777 | EXCLUDE<br>~~CAREY D EBERT~~<br>~~P O BOX 941166~~<br>~~PLANO TX 75094-1166~~ | EXETER FINANCE CORP<br>222 LAS COLINAS BLVD W 1800<br>IRVING TX 75039-5438 |
| EXETER FINANCE LLC<br>CO AIS PORTFOLIO SERVICES INC<br>4515 N SANTA FE AVE DEPT APS<br>OKLAHOMA CITY OK 73118-7901 | EXETER FINANCE LLC CO AIS PORTFOLIO SERVIC<br>4515 N SANTA FE AVE DEPT APS<br>OKLAHOMA CITY OK 73118-7901 | FINANCIAL CORPORATION OF AMERICA<br>12515 RESEARCH BLVD<br>BUILDING 2 SUITE 200<br>AUSTIN TX 78759-2247 |
| FINGERHUT<br>PO BOX 0260<br>SAINT CLOUD MN 56395-0260 | FRANKLIN MADISON GROUP LLC<br>PO BOX 11817<br>NEWARK NJ 07101-8117 | FUSION CHILDRENS DENTISTRY<br>CO COLLECTION MANAGEMENT SERVICES INC<br>P O BOX 545<br>UNION CITY TN 38281-0545 |
| GRAIN TECHNOLOGY INC<br>505 14TH ST SUITE 900<br>OAKLAND CA 94612-1468 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | IRT MANAGEMENT<br>1835 MARKET STREET STE 2601<br>PHILADELPHIA PA 19103-2935 |
| JOSEY RANCH PET HOSPITAL<br>2540 N JOSEY LN 132<br>CARROLLTON TX 75006-1660 | KINDERCARE<br>PO BOX 741282<br>LOS ANGELES CA 90074-1282 | LTD ACQUISITIONS LLC<br>LTD ACQUISITIONS<br>16225 PARK TEN PLACE SUITE 500<br>HOUSTON TX 77084-5152 |
| LTD ACQUISITIONS LLC<br>LTD FINANCIAL SERVICES LLP<br>3200 WILCREST DR SUITE 600<br>HOUSTON TX 77042-6000 | LVNV FUNDING<br>RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE SC 29603-0587 | MED CENTER LEWISVILLERESURGENT CAPITAL<br>PO BOX 1927<br>GREENVILLE SC 29602-1927 |
| MEDICAL CENTER OF LEWISVILLE<br>RESURGENT CAPITAL SERVICES<br>PO BOX 1927<br>GREENVILLE SC 29602-1927 | MEDICAL CLINIC OF NORTH TEXAS PLLC<br>PO BOX 580199<br>CHARLOTTE NC 28258-0199 | NTTA<br>PO BOX 660244<br>DALLAS TX 75266-0244 |
| NATIONAL CREDIT SYSTEMS<br>ATTN BANKRUPTCY<br>PO BOX 672288<br>MARIETTA GA 30006-0039 | NAVIENT<br>PO BOX 9640<br>WILKES BARRE PA 18773-9640 | NAVIENT SOLUTIONS LLC ON BEHALF OF<br>ASCENDIUM EDUCATION SOLUTIONS INC<br>PO BOX 8961<br>MADISON WI 53708-8961 |
| NAVY FEDERAL CREDIT UNION<br>PO BOX 3000<br>MERRIFIELD VA 22119-3000 | PROPATH ASSOCIATES PLLC<br>DEPT 41070<br>PO BOX 660811<br>DALLAS TX 75266-0811 | QUESTCARE MEDICAL SERVICES<br>PO BOX 99082<br>LAS VEGAS NV 89193-9082 |

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled DM/ECF SERVICE have not served via First Class USPS Mail Service.

| | | |
|---|---|---|
| RMA TOLL PROCESSING<br>PO BOX 734182<br>DALLAS TX 75373-4182 | RADIOLGY ASSOCIATES OF NORTH TEXAS<br>PO BOX 3368<br>INDIANAPOLIS IN 46206-3368 | RADIUS GLOBAL SOLUTIONS LLC<br>7831 GLENROY RD SUITE 250A<br>MINNEAPOLIS MN 55439-3132 |
| RESURGENT ACQUISITIONS LLC<br>PO BOX 10497<br>GREENVILLE SC 29603-0497 | RHONDA CATES<br>3320 CREEK MEADOW LN<br>GARLAND TX 75040-2851 | RUPANI MATHEW GROUP LLC<br>11204 HARRY HINES<br>DALLAS TX 75229-4605 |
| SALLIE MAE<br>PO BOX 9500<br>WILKES BARRE PA 18773-9500 | SNAP DEBT RECOVERY<br>6000 RIO GRANDE AVE SUITE 103<br>ORLANDO FL 32809-4650 | SOUTHWEST CREDIT<br>4120 INTERNATIONAL PKWY<br>SUITE 1100<br>CARROLLTON TX 75007-1958 |
| STEPHEN G WILCOX<br>WILCOX LAW PLLC<br>PO BOX 201849<br>ARLINGTON TX 76006-1849 | TMOBILE<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 | TEXAS RADIOLOGY ASSOCIATES<br>PO BOX 3368<br>INDIANAPOLIS IN 46206-3368 |
| THOMAS POINDEXTER<br>900 LORI DR<br>BOONVILLE MO 65233-1870 | TOTAL VISA<br>PO BOX 85710<br>SIOUX FALLS SD 57118-5710 | US ATTORNEY GENERAL<br>DEPARTMENT OF JUSTICE<br>MAIN JUSTICE BUILDING<br>10TH CONSTITUTION AVE NW<br>WASHINGTON DC 20530-0001 |
| ~~EXCLUDE~~<br>~~US TRUSTEE~~<br>~~OFFICE OF THE US TRUSTEE~~<br>~~110 N COLLEGE AVE~~<br>~~SUITE 300~~<br>~~TYLER TX 75702-7231~~ | UNITED COLLECTION BUREAU<br>5620 SOUTHWYCK BLVD<br>SUITE 206<br>TOLEDO OH 43614-1501 | |

```
(U.S. Trustee)                  (Creditor)                                      (Trustee)
US Trustee                      Exeter Finance LLC, c/o AIS Portfolio           Carey D. Ebert
Office of the U.S. Trustee      Services, LLC                                   P. O. Box 941166
110 N. College Ave.             4515 N Santa Fe Ave. Dept. APS                  Plano, TX 75094-1166
Suite 300                       Oklahoma City, OK 73118                         represented by:
Tyler, TX 75702                                                                 Carey D. Ebert
                                                                                P. O. Box 941166
                                                                                Plano, TX 75094-1166

                                                                                ECFch13plano@ch13plano.com
```

```
(Debtor)
Lamika Michelle Butler
1835 Parker Road, Apt 9207
Carrollton, TX 75010
represented by:
Greg R Arnove
Collins & Arnove
101 East Park Blvd.
Suite 875
Plano, TX 75074

ArnoveLaw@gmail.com
```